## GEORGE EVANS *versus* SAMUEL FOSTER.

What is excessive bail.   An action lies for demanding it, but not against a judicial officer.

THIS was an action of trespass on the case.

The declaration contained two counts, in one of which it was alleged that the defendant, being a justice of the peace, on the 11th of October, 1817, was requested by *Obed E. Hall* to receive and take cognizance of a complaint, in which the present plaintiff was charged with having committed the crime of perjury : that the defendant thereupon issued a warrant against the plaintiff, by which he was arrested, and on the 14th of October, 1817, after an examination, the plaintiff was considered guilty, and ordered to enter into a recognizance, with two sureties, in the sum of 2000 dollars, conditioned for his appearance at the next superior court, to answer for said offence : that the defendant, by requiring so large a recognizance, conducted maliciously and contrary to the constitution, and that in consequence thereof the plaintiff, being unable to obtain sureties, was committed to prison, and suffered great damage.

The second count resembled the first one, except in the circumstance that similar proceedings were had before the defendant at the same time, on another complaint against the plaintiff, for larceny of property alleged to be worth 500 dollars—and that on this last complaint a recognizance was required of the same amount.

The cause was opened to the jury, on the general issue, September term, 1818, when the court, upon a consideration of the nature of the charges in the two complaints against the plaintiff, entertained an opinion that neither of the recognizances required were excessive ; and, doubting also, if they had been excessive, whether a civil action could be sustained against the defendant, they ordered a nonsuit, with leave to the plaintiff to move to set it aside.

*Stevens* and *J. Smith* for the plaintiff.

*Sullivan* and *Mason* for the defendant.

WOODBURY, J. delivered the opinion of the court.

The motion to set aside the nonsuit in this case cannot prevail. The action purports to be founded on a breach of our constitution, which in its 23d article(1) provides, that "no magistrate or court of law shall demand excessive bail or sureties, impose excessive fines, or inflict cruel or unusual punishments." It is not certain that, as a general principle, civil remedies can be prosecuted for all violations of the constitution(2.) Indictments and impeachments seem the only redress for some of them; though it can hardly be questioned that a civil remedy, also, may be sustained for all those violations which at common law or by statute have been pronounced actionable.

"The offence" "of denying, delaying or obstructing bail where it ought to be granted," was not only known at common law, but was "punishable" "by action at the suit of the party wrongfully imprisoned," as well as "by indictment at the suit of the king"(3.) Yet to constitute this offence by requiring excessive bail, it must have been manifest that either the number or the sum required was unreasonable; for the officer who demanded them was at the same time liable, if he accepted insufficient bail(4.) This rule, though at first appearance somewhat rigid, still imposed no peculiar hardships on ministerial officers, who, as a general principle, decide upon bail in civil causes(5.) For the sum required was to be regulated by the amount demanded in damage,(6) and by the amount which in the declaration is alleged to be the debt due(7.) In *England* the sum is now rendered still more definite, as the plaintiff must file an affidavit of what is actually due, before he is entitled to require any bail(8.) As in criminal cases none of these guides exist, it is there more difficult to determine what sum is reasonable; and in such cases, therefore, the taking of bail is with much propriety devolved on judicial officers(9.) Judicial officers are presumed to possess higher qualifications than ministerial ones for the decision of legal doubts; and though

(1) *Stat.* 5.

(2) 4 *M. R.* 244.

(3) 4 *Bl. Com.* 296.—*Hawk. b.* 2, *ch.* 15, *sec.* 13. —*Bac. bl. J.*

(4) *Auth. sup.*

(5) *Hawk. P. C. Bail.*--4 *D. & E.* 505, *Birgough et al.* vs. *Rossiter.* —2 *Hen. Bl.* 418, 3 *C.*

(6) 8 *East* 368.

(7) *Bac., Bail.*

(8) *Statute* 12. *Geo. I.*

(9) 4 *D. & E.* 505.

*Evans*
*vs.*
*Foster.*

the rule for their direction may be less certain than that which exists in civil causes, yet they are not without the benefit of established precedents, and of principles approved by sound discretion.

In relation to the number of sureties, it seems well settled that in all charges of felony courts may require two.—*Bac., Bail, T.*

As to the sum, "the only sure way of proceeding," says *Hawkins*,(10) is, that after taking care of the sufficiency of the bail, the sum "ought never to be less than 40*l.* for a "capital crime, but may be as much higher as the justices in "discretion shall think fit to require, upon consideration of "the ability and quality of the prisoner, and the nature of "the offence."

(10) *Haw. b. 2, ch. 15, sec. 4.*

It should be remembered, that the expression, "capital crime," extends in *England* to almost two hundred distinct offences, among which is every larceny of property worth over twelve and a half cents. In *The King* vs. *Bishop*,(11) where the offence was only a libel, the sum required for the bail was 2000*l.* In *The King* vs. *Bowes*,(12) for a breach of the peace, bonds of 10.000*l.* were required: and in *The King* vs. *Judd*, (13) where it was questionable whether the offence amounted to felony, yet under all the circumstances the court of King's Bench directed that the sureties should be four in number, and the sum 1000*l.*

(11) *Strange 9.*

(12) *D. & E. 696.*

(13) 2 *D. & E.* 257.

We have found eight other cases: in two of which the sum required for bail was 1000*l.*, in two 4000*l.*, in three 5000*l.*, and in the other 8000*l.*(14.)

(14) *Str.* 911.— *Burr.* 2179, 635. —1 *D. & E.* 697, 698.

The property and character of the respondent ought, perhaps, in some instances to affect the amount of the recognizance: but it should never be forgotten that the magistrate is always culpable when the bail at the time they are taken are insufficient: and, to prevent that, such a sum and such a number of sureties should be demanded as the nature of the crime may warrant, and as, in human probability, will ensure the appearance of the accused, to answer to our "violated laws." Indeed, it was once the practice to require of the bail *corpus pro corpore.*—*Str.* 855.

As the determination of " what bail shall be called excessive, must be left to the courts, on considering the circumstances of the case,"(15) we do not apprehend that the precedents and principles above mentioned would warrant us in an opinion, that, under the circumstances of this case, the bail required was " excessive."

(15) 4 *Bl.* 297.

In the complaint mentioned in the second count of the writ, the value of the property stolen was alleged to be five hundred dollars. But the number of sureties required was only two, and the sum not much more than in common cases would be the judgment for treble damages and cost.

The charge of perjury in the complaint in the first count was a charge for a most atrocious crime ; and if the justice was satisfied, as he should have been before demanding a recognizance, that the defendant had committed this crime, the sum demanded, when compared with the sums required in the above authorities, was by no means "excessive."

But were our impressions on this point less decisive, we should hesitate much to declare, that a civil action can always be sustained against a magistrate, who in a criminal prosecution requires excessive bail. The magistrate has not, like the sheriff, any determinate guide as to the proper sum. Nor is he a ministerial, but a judicial officer. All judicial officers, when acting on subjects within their jurisdiction, are exempted from civil prosecutions for their acts. The reason and extent of this principle are well defined in *Floyd* vs. *Barker :* (16) and most of the subsequent authorities in relation to it are digested with much ability in *Yates* vs. *Lansing* (17.) This does not give to magistrates any dangerous immunity. The constitution forbids all " courts of law," as well as single " magistrates," to require " excessive bail." If the members of a higher court, therefore, violate this prohibition, they are equally liable with a justice of the peace : and an indictment or an impeachment would seem to be sufficient remedies. Any suffering to individuals, that may be apprehended from the great number and limited knowledge

(16) 12 *Coke* 24.

(17) 5 *John.* 282.
—1 *Mod.* 184.—
2 *do.* 218.— 12
*do.* 386.—2 *Bl.*
*R.* 1145.—*Cowen* 172.—1 *Salk.*
396. — *Vaughen*
138.—1 *Day* 315.
—2 *Bay.* 69.—1
*Ch. P.* 66.—1 *D.*
*& E.* 503.

*Evans*
*vs.*
*Foster.*

of single magistrates, can always be soon obviated; as the person committed for a failure to procure bail, which appears excessive, possesses the right to be brought before a judge of this court by a *habeas corpus*, and to have the sum reduced, if, under all the circumstances, it is thought too large.—*Stat. June*, 1815, *sec.* 11.—*Hawk. B.* 2, *ch.* 15, *s.* 77.—*Holt*, 590.—3 *Salk.* 91, 284.—*Vaugh.* 157.—6 *Mod.* 73.—12 *do.* 102, 155.—*Ld. R.* 978.

*The motion cannot prevail.*