### GREENE *v.* MEAD.

Trover does not lie against one who, as a magistrate, has the custody of papers which the plaintiff, in a matter pending before him, used as evidence, and placed on file.

TROVER, for two letters, purporting to be written by Sophia A. Hall, one to the plaintiff, the other to one Moulton. The parties submitted a case.

The defendant is and was a justice of the peace for Cheshire county, and in November, 1845, a complaint for bastardy was duly made before him, by said Sophia, against the plaintiff. At the hearing of said complaint before the defendant, as such justice, the letters in question were offered and used in evidence by the plaintiff, and held by the justice, with the other papers in the case.

The justice ordered the respondent to give bond for his appearance at the March term of the court in 1846, to answer to the complaint. On the day before the commencement of the term the subject matter of the complaint was adjusted by the party to it, of which the justice had notice. Soon afterwards, a verbal application was made by the plaintiff to the defendant for the letters which still remained on his files, and, after hearing the counsel on each side, the justice decided that the letters should remain upon his files. Afterwards, the justice, when informed by the plaintiff that a suit would be brought against him for the letters, said he should give them up, unless indemnified, and went away, but soon after returned, and refused to give them to the plaintiff.

On the hearing of the complaint before the justice, the complainant testified that one of the letters was not written by her, and that the other had been altered.

If the court should be of opinion on these facts that the plaintiff is entitled to recover, he is to have judgment for his damages, to be assessed by the jury, and costs, to be taxed by the court; otherwise, judgment is to be rendered for the defendant for his costs.

*Lane,* for the plaintiff.

*Vose,* for the defendant.

GILCHRIST, J. The letters, for the conversion of which this action is brought, came into the possession of the defendant while exercising his functions as a judicial officer. They

were exhibited as evidence by the plaintiff in a matter pending before the magistrate in which the plaintiff was a party.  He placed them within the power and in the custody of the court, and they became from that moment parcel of the files of the court, of which the defendant had the only lawful custody.

If the plaintiff had just occasion to use the papers, and they could, without detriment to the ends of justice, have been spared from the files, it was, perhaps, the duty of the defendant, upon proper representation, to have delivered them to the plaintiff.  But of the propriety of giving or withholding papers so in his custody, the justice himself must be considered to be the judge.  For an unwarrantable exercise of his legal discretion, or for a capricious refusal to act in a proper case, the justice is amenable to law.  He may be impeached, or a *mandamus* may be awarded against him.

But it is well settled that on the part of one deeming himself aggrieved by the judicial act of a magistrate, an action at law does not lie.  *Evans* v. *Foster*, 1 N. H. Rep. 374.

There must be          *Judgment for the defendant.*